UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CONNIE MASON, et al.                                                                    PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:10CV-175-S

EXCEL INDUSTRIES, INC., et al.                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

In a telephonic conference held on Friday, June 25, 2010, defendant Excel Industries moved for a protective order which would prevent the plaintiff from discovering a small number of documents in the possession of Excel. The documents are known as ROPS waivers, and the specific documents relate to forms acquired by the defendant manufacturer from the defendant retailer for self-propelled lawnmower products made by Excel which are not identical to the product in question. Excel's argument is that the documents do not meet the relevancy test of Rule 26. FED. R. CIV. P. 26.

This is a products liability case involving a fatality suffered by the decedent in connection with a mower rollover. According to counsel's presentation, the model operated by the decedent lacked a roll bar. Other mower products from Excel's Hustler line do, however, have roll bars and seat belts. Excel provides the purchaser of the other mowers the opportunity to take delivery of the mowers without a roll bar or seat belt. However, in order to receive the product without the safety equipment, the dealer provides a form to the customer entitled "Notice – Certification of non-acceptance of Roll Over Protective Structure," the so-called ROPS waiver.

Plaintiff's counsel already has in its possession the blank, standard form of ROPS waiver. However, plaintiff seeks the production of ROPS waivers sent in to Excel by customers of

retailer Joe Hill in connection with the purchase of Hustler mowers for which the roll bars are an available option.

To understand the possible significance of these documents, it is worthwhile to review the status of the pending motion practice. This case was originally filed in state court in Hardin County. Defendant Excel removed, based on diversity jurisdiction, 28 U.S.C. § 1332. There can be diversity jurisdiction, however, only if the retailer defendant, Joe Hill's Automotive Center, is dismissed as a defendant; otherwise, there is incomplete diversity. Plaintiff has filed a motion to remand; defendants argue that Joe Hill has been fraudulently joined as a defendant, and that federal jurisdiction is proper.

The fraudulent joinder point, in turn, hinges on Kentucky's middleman statute, KY. REV. STAT. ANN. § 411.34. Under that law, a retailer (middleman) who sells a defective product cannot be held liable if the manufacturer is available to defend the action. There are exceptions to this middleman defense, one of which is where the retailer defendant knew or should have known at the time of sale or distribution that the product was unreasonably dangerous. *See Edwards v. Hop Sin, Inc.*, 140 S.W.3d 13, 17 (Ky. Ct. App. 2003). Plaintiff contends that this exception applies and that there is a credible, non-fraudulent claim against Joe Hill. Plaintiff seeks to bolster this argument by presenting to the district judge ROPS waivers which passed through Joe Hill's business to Kentucky customers. The ROPS waiver form, arguably, may assist Joe Hill in this argument, for it states that the rollbar and seatbelt are "necessary in almost all operating conditions." Thus, plaintiff will argue, a product lacking a rollbar is unreasonably dangerous, and, further, Joe Hill knew that the product in question was dangerous because of its distribution of the ROPS waivers with other products. The Joe Hill-specific waiver forms may,

-2-

plaintiff argues, tend to show that Joe Hill was on notice of the risks of a mower without a rollbar.

Whether the case should be remanded, whether Joe Hill has been fraudulently joined to defeat diversity, and whether there is an applicable exception to the middleman defense – or a credible issue on that point – are topics which the magistrate judge need not decide here. They are properly for the district judge, ruling on the middleman defense. All that need be decided now is whether the Joe Hill-specific documents are discoverable. The court rules that they are discoverable. They may, to some extent, tend to support plaintiff's argument that Joe Hill was on notice that an Excel mower without a rollbar was unreasonably dangerous. Whether plaintiff is ultimately successful on that argument is for another day; it is sufficient to rule that the ROPS waivers in Excel's possession from the retailer Joe Hill have some measurable, probative value on a point in controversy in the pending motion to remand. The documents are very small in number (perhaps four) and defendant has already undertaken a search, so burdensomeness is not an issue.

Whether the documents are persuasive is a matter for the trial judge. However, the court concludes they are relevant to an issue in controversy, and therefore, the court overrules Excel's motion for a protective order. In light of this ruling, the court anticipates that experienced counsel will agree to a reasonable extension of time for filing a reply on the motion to remand and will resolve outstanding discovery, including Mr. David Hill's testimony on these issues, without further pleading. If court intervention is necessary, however, the parties are to contact the court for a telephonic conference.

**IT IS SO ORDERED.**

DATE: June 28, 2010

*James D. Moyer*
**James D. Moyer**
**United States Magistrate Judge**

Copies to counsel of record