UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CONNIE MASON, Administratrix of the
Estate of Gary Mason and
CONNIE MASON, individually                                                                PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:10-CV-175

EXCEL INDUSTRIES, INC., et al.                                                            DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the motion of plaintiff Connie Mason to remand this action to Hardin County, Kentucky Circuit Court (DN 18). Mason has also moved for leave to supplement her reply to the defendant's response to her motion to remand (DN 50). For the reasons set forth herein, Mason's motion to supplement will be **GRANTED** and her motion to remand will be **DENIED**.

## BACKGROUND

In September 2008, Connie Mason's husband, Gary Mason, suffered serious injuries when the Hustler FasTrak zero-turning radius (ZTR) riding mower he was using rolled over, trapping him underneath the machine. Gary Mason died approximately three weeks later.

In September 2009, Connie Mason ("Mason"), individually and as administratrix of Gary Mason's estate filed a lawsuit in Hardin County, Kentucky Circuit Court against Excel Industries ("Excel"), the manufacturer of the mower, and Joe Hill's Automotive Center, the dealer from whom Gary Mason purchased the mower. Excel is a Kansas corporation with its principal place of business in Kansas. Joe Hill's Automotive ("Hill's") is a Kentucky corporation with its

principal place of business in Kentucky. Connie Mason is the administratrix of Gary Mason's estate, and is a resident of Hardin County, Kentucky. At the time of his death, Gary Mason was also a Hardin County, Kentucky resident.

In her complaint, Mason raised claims of negligence and strict liability against both Excel and Hill's. Specifically, she claimed that the FasTrak mower was defectively designed and dangerous because it had not been equipped with a rollover protection system ("ROPS"). A ROPS, according to Mason, is a safety frame meant to protect the operator in the event the mower rolls over. Compl. ¶ 8. Although Excel offers a ROPS as optional equipment on some lawn mowers, it was apparently not available for the mower Gary Mason purchased. Hill's and Excel both assert that no statute or regulation requires that mowers be equipped with a ROPS device.

On March 16, 2010, Hill's filed a motion to dismiss or for summary judgment in Hardin County, Kentucky Circuit Court. It argued that claims against it were precluded by Kentucky's so-called "Middleman Statute," KY. REV. STAT. § 411.340, and that it had been fraudulently joined in the action to defeat federal diversity jurisdiction. The same day Hill's filed its motion, Excel removed the case to this court. Excel claimed that this court could properly exercise its diversity jurisdiction over this matter because Hill's was fraudulently joined. Connie Mason has now moved to remand this case to state court, arguing that Hill's was not fraudulently joined. Hill's and Excel both oppose Mason's motion to remand. Additionally, Mason has moved to supplement her motion to remand with a reply articulating a claim for negligent misrepresentation on the part of a Hill's employee, which Hill's and Excel also both oppose.

Finally, Mason has moved for an award of attorney's fees incurred as a result of Excel's removal to this court.[1]

**ANALYSIS**

In order for a federal court to exercise its diversity jurisdiction, there must be complete diversity of citizenship at the time the case is commenced and at the time the notice of removal is filed. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). When a non-diverse party is a defendant and there exists no substantial federal question, a removing defendant may avoid remand only by showing that the non-diverse party was fraudulently joined. *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). A defendant is fraudulently joined if there is no "reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "There can be no fraudulent joinder unless it be clear that there can be can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . ." *Id.* (citation omitted). The proper inquiry, then, is whether Mason has at least a "colorable cause of action" against Hill's in a Kentucky state court. *See Cobalt Mining, LLC v. Bank of America, N.A.*, No. 3:07-CV-598-S, 2008 WL 695887, at *2 (W.D. Ky. Mar. 12, 2008) (citing *Jerome-Duncan*, 176 F.3d at 907). The removing party bears the burden of proving fraudulent joinder. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

---

[1] In her Motion to Remand, Mason also asked this court to dely ruling on the motion until additional discovery with respect to Hill's, including the deposition of Hill's owner, David Hill, could be completed. Mason, however, cites testimony from Hill and Matt Schrader, a Hill's employee, in her reply brief, leading the court to conclude that the discovery she sought has taken place. Mason did not renew her request for additional time to complete discovery in her reply brief, nor has she made a separate motion to the court for such relief, and the court therefore will not consider her request to delay its ruling.

**I. Kentucky's "Middleman Statute"**

KRS § 411.340, known as the "Middleman Statute," provides

In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

KY. REV. STAT. § 411.340.

This statute is intended to shield retailers from both liability and lawsuits. *Weixler v. Paris Co.*, No. 3:02-CV-390-H, 2003 U.S. Dist. LEXIS 444, at *3 (W.D. Ky. Jan. 2, 2003). The rationale underlying the statute is that "retailers are unaware of design and manufacturing considerations and it is therefore unfair to hold them responsible for the mere sale of a defective product where the manufacturer is also before the Court." *Id.*

Mason and the defendants do not disagree that most of the prerequisites for application of the statute apply. Excel, the manufacturer of the riding mower, is a party to this case and is subject to the jurisdiction of the court. Hill's is a distributor or retailer, and it is not contested that the mower was sold to Gary Mason its original condition. Nor does Mason allege that Hill's made or breached any express warranty. However, Mason argues that there is at the very least a question of fact as to whether Hill's "knew or should have known" that the riding mower Gary Mason purchased was "in a defective condition, unreasonably dangerous to the user" because it did not have a ROPS.

As the court noted in *Weixler*, "Kentucky courts have not defined the kind of allegations necessary" for a plaintiff to overcome the bar imposed by KRS § 411.340. However,

> Kentucky courts would undoubtedly require that to maintain a non-frivolous action against a retailer . . . , Plaintiff state something more than that the seller bore the same knowledge as the buyer. A contrary finding would render the statute's language superfluous; virtually any retailer under any circumstances could be subject to suit and liability by merely selling an item. At the very least, Plaintiffs must allege some more specific or special knowledge of dangerousness to avoid the protections afforded by KRS 411.340.

*Weixler*, 2003 U.S. Dist. LEXIS 444, at *5–*6.

Here, Mason claims that Hill's knew or should have known that selling a mower without a ROPS was unreasonably dangerous because the dangers of serious injuries and fatalities from lawn mower rollover accidents were well known to Excel and were well-documented and publicly available at the time Hill's sold the Hustler FasTrak to Gary Mason. Mason also cites deposition testimony by David Hill, owner of Hill's Automotive, in which Hill testified that he was aware that "the public often makes mistakes in the operation of mowers and that he himself once rolled or tipped over on a ZTR mower, even though he was in the business and was an experienced operator." Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Remand (DN 37) at 9. Further, Mason claims that Hill's was aware of or should have been aware of a document Excel required buyers of some tractors – but not the Hustler FasTrak – to sign. This document, intended to be provided to the buyer by the distributor at the time of sale, warned purchasers of the dangers of rollover accidents and required buyers to certify that the importance of a ROPS had been discussed.[2] Finally, Mason claims it can be inferred from the deposition testimony of Matthew

---

[2]The document read as follows:

Notice – Certification of non-acceptance of Roll Over Protective Structure

continue...

Schrader, the Hill's employee who allegedly helped sell the FasTrak mower to Gary Mason, that Schrader had read the user's manual for the Hustler FasTrak. The manual warns the reader that there are situations and conditions "too numerous to mention" that may trigger rollovers, and asserts that rollovers "can lead to serious injury and death."

These facts fall short of supporting a conclusion that Hill's had "specific or special knowledge" of the dangers allegedly posed by a mower without a ROPS. At best, they support conclusions that would have been obvious to any buyer: under some conditions, mowers, like any other wheeled machine, can roll over; rollovers can cause injuries; and a mower without a system specifically designed to protect against rollovers would be more likely to roll (and therefore cause injury) than a mower equipped with such a system. Moreover, the alleged defect in this case – the absence of a ROPS – would have also been obvious to any purchaser. Despite the evidence she has gathered, Mason has not alleged any fact that, if true, would show that Hill's had any more knowledge about the allegedly defective nature of the FasTrak mower than an ordinary buyer. She therefore would not be able to show that Hill's knew or should have known that the mower was allegedly in a defective condition, unreasonably dangerous to the

---

[2]...continue

For use on tractors only

The customer hereby certifies that he has been advised that a Roll Over Protective Structure (ROPS) with a seat belt is an important feature and is necessary in almost all operating conditions. The ROPS with a seat belt is particularly important when the turf tractor will be used on slopes and there is a potential for the roll over of the equipment. The ROPS with a seat belt will prevent serious injury in the event of a roll over. The customer acknowledges that the potential for roll over and the safety feature provided with a ROPS with a seat belt has been discussed with him and certifies that his use of the equipment will not be on a terrain where there is potential for roll over.

Pl.'s Reply. to Def.'s Resp. to Pl.'s Mot. to Remand, Ex. 2 (DN 37-2).

consumer. *See Weixler*, 2003 U.S. Dist. LEXIS 444, at *5 (holding that KRS § 411.340 protected seller of sled that had been manufactured without steering mechanism because plaintiffs had only alleged that the seller "knew what was open and obvious to any other person" and that the seller "had no reason to know any more than the average citizen that the sled was dangerous."); *Steele v. Ford Motor Co.*, No. 05-409-KSF, 2007 U.S. Dist. LEXIS 12543 at *6–*7 (E.D. Ky. Feb. 22, 2007) (holding that plaintiff had no colorable claim against seller where "plaintiff has simply made no allegation that [the seller] had any special knowledge to foresee the ultimate danger any better than the average citizen.").

For these reasons, we hold that KRS § 411.340 precludes Mason's claims against Hill's.[3]

**II. Mason's Motion to Supplement**

Approximately six months after filing her motion to remand, Mason moved this court for leave to file a supplemental reply to the defendants' responses. In this reply, Mason sought to include her own deposition testimony, from a deposition taken in October 2010, that she claims establishes a claim for negligent misrepresentation on the part of Hill's Automotive.

Mason was with her husband when he purchased the tractor from Hill's. She seeks to offer the following deposition testimony as part of her remand motion:

> Q. Were you present when your husband talked to toe people at Joe Hill's about the features and functions of this particular zero turn radius mower?
>
> A. He asked Matt about accessories.
>
> Q. What did he ask about?
>
> A. If he could get accessories for this mower.

---

[3]In the alternative, Hill's and Excel both argue that Mason's claims against Hill's fail because Hill's breached no duty owed to Gary Mason under Kentucky law. Because application of KRS § 411.340 insulates Hill's from liability, we need not address these arguments.

Q. In particular, what accessories are we talking about?

A. Nothing in real particular, he just listed several.

Q. He?

A. Gary. Just listed two or three, like can you get things like this for it?

Q. Okay. Do you recall what he listed?

A. He listed a bagger.

Q. Okay.

A. Wagon, a roll bar because he had seen that it didn't have one, and I don't know if he listed any more or not, and we were told that they did make accessories and to contact Hustler.

Q. Did he do that?

A. Yes.

\*\*\*

Q. Now, is it your testimony, Ms. Mason, that you were physically present when your husband asked a question about a roll bar on the mower that he had already picked out?

A. Yes.

Depo. of Connie Mason (DN 62-1) at 121–22.

Mason claims that "the above-mentioned representation by Joe Hill's agent clearly constitutes an act of negligence . . . that is separate and apart from the manufacturer" because the salesperson at Hill's may have told Gary Mason that a roll bar was available as an accessory to the FasTrak mower, when in fact no such roll bar was available.[4]

---

[4]This testimony contradicts Mason's complaint, in which she states:

Defendant Joe Hill's Automotive Center was also negligent and breached a duty

continue...

Pursuant to Federal Rule of Civil Procedure 15(d), a court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Leave to supplement should be freely granted absent a finding of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). *See also Spies v. Voinovich*, 48 Fed App'x 520, 527 (6th Cir. 2002) (noting that "the same review and rationale" apply to motions to supplement as motions to amend). Although Hill's and Excel both oppose the addition of this testimony, neither has made a convincing showing that such testimony should not be at least considered by the court. Mason's motion for leave to supplement her reply will therefore be granted.

Even considering this additional testimony, however, Mason has still failed to state any colorable claim against Hill's. Although she characterizes the alleged statement by Schrader as an act of negligence, she fails to explain how the statement could be construed as such. It is unclear how Hill's would have breached any duty of care even if its employee had wrongly stated that a roll bar was an available accessory for the mower Gary Mason purchased. Moreover, Mason's testimony does nothing to bolster her argument against the application of

---

[4]...continue
of care because Defendant Joe Hill's Automotive Center's agents, servants, or employees undertook a duty to advise Plaintiff's decedent of lawn mower safety features and accessories at the time of sale, *but never mentioned the availability of ROPS or safety accessories*, even though Joe Hill's Automotive Center knew or should have known of the availability and importance of ROPS, and in fact sold other lawn mowers with ROPS.

Compl. ¶ 36 (emphasis added).

KRS § 411.340. She has thus failed to set forth a colorable claim against Hill's Automotive, and her motion to remand will be denied.

**III. Mason's Request for Attorney's Fees and Costs**

Upon remand, a court may impose on a removing party attorney's fees and costs incurred as the result of removal. 28 U.S.C. § 1447(c). Because the courts has determined that remand is not warranted here, the court will not award attorney's fees or costs.

## CONCLUSION

Because Mason does not state a colorable claim against Hill's under Kentucky state law, even upon consideration of her supplemental evidence, her motion to remand will be denied.

A separate order will issue in accordance with this opinion.